IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**GARY HUTTO,**

    **Plaintiff,**

vs.                                             **CASE NO. 5:10-cv-333/RS-CJK**

**HON. BOBBY HADDOCK, et al.,**

    **Defendants.**

_____/

## **ORDER**

Before me is defendant's Motion for Separate Trial (Doc. 9) and plaintiff's Response in Opposition (Doc. 10).

In this case, plaintiff alleges that the individual defendant used excessive force against plaintiff in this civil rights case. Plaintiff also alleges that the official capacity defendant is liable for the acts of the individual defendant. The official capacity defendant's liability is predicated on a finding on liability of the individual defendant (*See* Doc. 1).

Defendants propose to try the claims against the individual defendant first, and then proceed to discovery and trial against the official capacity defendant only in the event of a finding of individual liability. They suggest that this two trial strategy would avoid prejudice to the parties and be most efficient (Doc. 9, p.3-4).

Courts may order separate trials "for convenience, to avoid prejudice, or to expedite and economize." Fed. R. Civ. P. 42(b). This decision is left to the discretion of

trial courts.  *Beckford v. Dep't of Corr.*, 605 F.3d 951, 961 (11th Cir. 2010) (reviewing district court denial of claim severance for abuse of discretion).   Weighing these factors, I find that it is most reasonable to proceed with all of the defendants in one trial.

First, the relationship between the defendants, along with their common legal representation, implies that their interests are aligned.  Trying the defendants together is not prejudicial to the parties because all defendants have an identical motive to discredit the allegations.  Further, having a common attorney, it makes sense that both defendants be present at trial so that they can develop and participate in a common strategy for defense.

Second, judicial economy is best served by keeping all of the claims together.  It is possible that unnecessary discovery and trial preparation may be conducted regarding the official capacity claim.  However, the impact of this is lessened because the claims arise out of the same events and likely have significant overlap in testimony and evidence.   I recognize that the official capacity claims may be obviated by a finding that the individual defendant is not liable.  However, the effort required to present those official capacity claims and defenses is far outweighed by the potential burdens and duplicative court resources required for a second trial.

**IT IS ORDERED:**

1. The Motion for Separate Trial (Doc. 9) is **DENIED**.
2. The trial shall proceed in the following manner:
    a. All defendants shall be party to the trial, which will proceed in two phases.

b. Liability against the individual defendant will be tried in the first phase.

c. In the event of finding individual liability, a second phase will try damages against the individual defendant and liability and damages against the official capacity defendant.

**ORDERED** on April 25, 2011.

<u>/S/ Richard Smoak</u>
**RICHARD SMOAK**
**UNITED STATES DISTRICT JUDGE**